THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>TEMAHAGARI RUBIN,<br><br>    Defendant. | CASE NO. CR18-0005-JCC<br><br>AMENDED ORDER |

This matter comes before the Court *sua sponte*. Based on discussions with counsel, the Court understands that the dangerousness assessment previously ordered in this matter (Dkt. No. 32) is not necessary. Therefore, the Court's order regarding Defendant's psychological exam is revised as follows:

This matter comes before the Court on Defendant's unopposed motion for a competency examination (Dkt. No. 28). Based upon counsel's representations, there is reasonable cause to believe that Defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. 18 U.S.C. § 4241(a). Accordingly, the Court ORDERS:

1. A competency examination be conducted on Defendant Temahagari Rubin.

2. Pursuant to 18 U.S.C. sections 4241 and 4247(b), Defendant shall be committed to the custody of the Attorney General for a period not to exceed 30 days from the date of the Court's original order (*see* Dkt. No. 32), and be examined during that time by a psychiatrist and/or psychologist chosen by the Attorney General who shall conduct a competency examination to attempt to determine if Defendant is able to understand the nature and consequences of the proceedings against him and if he is able to assist in his defense.

3. The examining psychiatrist and/or psychologist shall prepare an examination report pursuant to 18 U.S.C. section 4247(c), file that report with the Court, and provide copies to counsel for Defendant and the United States. The report shall include the following:

(1) Defendant's history and present symptoms.

(2) A description of the psychiatric, psychological and medical tests that were employed and their results.

(3) The examiner's findings.

(4) The examiner's opinion as to diagnosis, prognosis, and whether Defendant is suffering from a mental disease or defect rendering him mentally incompetent to understand the nature and consequences of the proceedings against him, or to assist properly in his defense, as defined in 18 U.S.C. section 4241(a).

The Clerk is DIRECTED to file and maintain the resulting report, once received, under seal.

DATED this 23rd day of August 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE